## No. 163.—A. M. HADEN v. L. PHILLIPS AND R. D. FOSTER.

In a sale of land, slaves and movable property, after the date of the emancipation proclamation, where the evidence shows that a portion of the price has been paid, equal to the value of the land and movables, the law will impute the payment to the land and movables, and the balance of the price, being without consideration, cannot be enforced. Wainwright v. Bridges, 19 A. 234; Posey v. Driggs 20 An. 199.

APPEAL from the District Court, parish of DeSoto. *Weems*, J. *Elam & Wemple*, for plaintiff and appellant. *R. J. Bowman*, for defendants and appellees.

HOWELL, J. On the thirteenth day of July, 1863, the plaintiff, A. M. Haden, sold to the defendant, R. D. Foster, a tract of land situated in the parish of DeSoto, and containing four hundred acres more or less, with all the improvements, the stock of cattle, hogs and farming utensils thereon, and fifteen slaves, for the sum of $20,000, of which, $2,500 were paid in cash, and for the balance the purchaser executed his three promissory notes for $5,833 33⅓ each, due respectively on the thirteenth of July, 1864, 1865 and 1866, and secured by mortgage on the property sold. This suit was brought on the last of these notes. *vi t executiva*, against the land in the possession of Phillips, but was subsequently changed into the action *via ordaria* against Foster.

The defense is that the purchaser has been evicted of the negroes for a cause existing at the date of the sale, to wit: the proclamation of emancipation of January 1, 1863, and that the amount paid exceeds the value of the land and movables, and therefore he owes nothing.

The District Judge dismissed the suit for the reason that the evidence disclosed a contract based on Confederate money, and the plaintiff has appealed.

As the proof of the character of the money in which the payments were made could not relieve either party, because the contract could neither be rescinded nor enforced on that account, it is immaterial to pass on the bill of exceptions taken to the admission of evidence for that purpose.

The real issue presented is, can the defendant be made to pay a balance due on a contract for the sale of land, movables and slaves in block, when the evidence shows that the amount paid exceeds the value of the land and movables, as in this case, and that the sale was made after the date of the proclamation of emancipation.

In the case of Posey v. Driggs, 20 A. 199, it was held that a sale of a person as a slave after that event, conveyed no title to nor property in such person, and the payment of the alleged price could not be enforced. Applying the same doctrine to this case, the defendant acquired no title to the persons named in the act of sale as slaves, and the law will not presume that the payments made by him were for their price, but must be held to have been made on that which was and is property. And, besides, to make him pay the balance claimed, would virtually be enforcing a contract for the sale of persons by making him pay more than the full value of the land and movables bought by him. This is prohibited by the constitution and in conflict with the Wainwright and other similar cases.

For the reasons herein given it is ordered that the judgment of the court a qua be affirmed with costs.